OPINION
{¶ 1} Edward Broom Jr. appeals from his conviction in the Municipal Court of Miamisburg of operating a motor vehicle while under the influence of alcohol pursuant to his no-contest plea. The facts underlying this appeal are set out in Broom's appellate brief, and are as follows:
 {¶ 2} On or about March 27, 2008, Broom was operating his motor vehicle on State *Page 2 
Route 4 in Germantown, Ohio. Officer Nathan Wale of the Germantown Police Department observed Broom pull into the McDonald's parking lot. Officer Wale testified that it "appeared" that the passenger exited the vehicle to urinate. At the time of his observation, the passenger of Broom's vehicle was over 100 yards away from the officer. Officer Wale testified that he saw the passenger exit, stand by the car, spread his legs and place his hands near his midsection while facing away from the officer.
 {¶ 3} Officer Wale then proceeded to "get a closer look to make sure that is what he was doing." He then entered the McDonald's parking lot and circled around the building towards where the Defendant-Appellant's vehicle had been. He did not look at the area to determine if a puddle of urine was there, or conduct any further investigation at that scene.
 {¶ 4} The vehicle then pulled back onto Route 4. Officer Wale fell in behind Broom's vehicle and followed it for approximately one-fourth mile. Wale noted that Broom was driving 30 mph in a 50 mph zone. Wale then observed Broom's vehicle pull into the Citgo service station and come to a complete stop. Wale pulled in behind the stopped vehicle and activated the overhead lights on his cruiser. Wale approached Broom while Broom was still in his vehicle. Upon making contact with Broom, Officer Wale testified that he noticed Broom had glassy, bloodshot eyes and a strong odor of an alcoholic beverage coming from his mouth. Officer Wale asked Broom if he had consumed any alcohol and he admitted to consumption of one beer sometime that evening.
 {¶ 5} Although it is unclear when it occurred, Officer Wale testified that he ran Broom through the computerized LEADS system and that he was operating the vehicle under several suspensions. Officer Wale then had Broom exit the vehicle for field sobriety testing. He testified that he conducted the "nystagmus gaze, one leg stand, and walk and turn" tests pursuant to his training at OPOTA. (Tr. At 8, Ins. 4-17.) Broom allegedly failed all *Page 3 
three tests and was placed under arrest.
 {¶ 6} Prior to trial, Broom filed two motions to suppress. In the first, Broom challenged the propriety of Officer Wale's stopping of his automobile and the subsequent seizure of "evidence" from him without a search warrant. Broom also moved to suppress any statements he gave Wale after he was stopped. The trial court overruled Broom's first motion because "the motion did not state legal and factual bases with sufficient particularity to place the prosecution on notice of the issues to be decided." Broom filed another suppression motion challenging the stop of his automobile on the basis that there was no articulable suspicion for the stop and no lawful cause to detain him. Broom also contended the results of his sobriety tests should be suppressed because Officer Wale failed to administer the tests in substantial compliance with the National Highway Traffic Safety Administration (NHTSA) standards. Specifically, Broom contended that Wale did not give instructions for the tests properly, the HGN test was not administered properly, and that the environmental conditions were not conducive to obtaining reliable test results. Again the trial court overruled Broom's motion.
 {¶ 7} In his first assignment, Broom argues that the court should have suppressed the evidence of his alleged intoxication because Officer Wale did not have grounds to stop and detain him. The State argues that Broom was already stopped at the Citgo gas station and Wale's encounter with Broom was consensual. It is well established that a police officer may approach and engage a person in conversation without the need to justify the encounter with probable cause or articulable suspicion. State v.Johnston (1993), 85 Ohio App.3d 475. Police questioning of a person seated in a parked car is not normally regarded as a seizure. UnitedStates v. Pajari (8th Cir. 1983), 715 F.2d 1378. A person is "stopped" when the officer has by either physical force or show of authority restrained the person's *Page 4 
liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter. State v.Taylor (1995), 106 Ohio App.3d 741. Although Broom's vehicle was already stopped when Officer Wale pulled in behind Broom, no reasonable person would have felt free to leave the gas station area after Wale activated the overhead light of his police cruiser.
 {¶ 8} Having determined that Officer Wale stopped Broom, we must determine whether he had articulable suspicion to do so. Terry v.Ohio (1968), 392 U.S. 1. Wale testified he observed Broom's passenger standing in the McDonald's parking lot appearing to be urinating in public in violation of law, and he apprehended Broom's vehicle to investigate further. We agree with the State that Wale had legitimate grounds to stop Broom and investigate the conduct he had observed in the McDonald's parking lot. Appellant's first assignment is Overruled.
 {¶ 9} In State v. Brown, 166 Ohio App.3d 638, 2006-Ohio-1172, the Eleventh District Court of Appeals held that an arresting officer need only comply with NHTSA standards for the sobriety test results to be admissible. The court held, however, that a state trooper's testimony that he conducted the sobriety tests in conformity with the manner and procedures with which he was taught is not the same as testifying that he administered the tests in substantial compliance with the guidelines set forth in the NHTSA manual.
 {¶ 10} Likewise in State v. Nickelson (July 20, 2001), Huron App. No. H-00-036, the Sixth District Court of Appeals noted that while the NHTSA manual may be introduced into evidence, substantial compliance can also be shown by witness testimony with respect to NHTSA standards and the officer's actions in conformity with those standards. The court noted:
 {¶ 11} "[The state] did not carry this burden at the hearing. While appellee introduced *Page 5 
testimony of officers as to which tests were conducted and how they were conducted, it did not introduce any evidence to prove that the tests were conducted in a standardized manner as provided by the [NHTSA]. No witness testified as to these guidelines, and the manual itself was not admitted. Because appellee did not prove that the field sobriety tests were conducted in accordance with the manual, the results of the field sobriety tests should have been suppressed." Id. at 10.
 {¶ 12} In this matter, Officer Wale never testified that he conducted the sobriety tests which he administered to Broom in conformance with the NHTSA standards. Accordingly, we agree that those test results should have been suppressed as well as the Breathalyzer results obtained after Broom was arrested. The second assignment of error is Sustained.
 {¶ 13} The Judgment of the trial court is Reversed and Remanded for further proceedings.
GRADY, J., and DONOVAN, J., concur.
Copies mailed to:
Thomas R. Schiff
Craig W. Saunders
 Hon. Robert E. Messham, Jr. *Page 1