[Cite as *State v. Straley*, 2013-Ohio-510.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-34 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-39 |
| v. | : | |
| | : | |
| AMANDA STRALEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of February, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

GREGORY K. LIND, Atty. Reg. #0055227, One South Limestone Street, Ground Floor - Suite D, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Amanda Straley appeals from her conviction and sentence on charges of trafficking in crack cocaine, possession of crack cocaine, and tampering with evidence. In two related assignments of error, she challenges the legal sufficiency and manifest weight of the

evidence to support the tampering conviction.

{¶ 2}   The record reflects Straley pled no contest to the crack-cocaine trafficking and possession charges, both fifth-degree felonies, after the trial court denied a pre-trial suppression motion. The case proceeded to a jury trial on the evidence-tampering charge, a third-degree felony. The State's evidence established that two plain-clothes detectives in an unmarked car stopped Straley's vehicle after seeing it go left of center. One of the detectives, Will Speakman, approached the stopped vehicle and asked Straley, the driver and sole occupant, for her license. Upon discovering that Straley lacked a license, Speakman ordered her out of the car. At that point, he suspected she was intoxicated  based on her driving, slurred speech, and the smell of alcohol. Speakman and his partner, detective Jason Via, obtained permission to search Straley's vehicle and found no contraband.

{¶ 3}   Speakman testified at trial that he stopped Straley's vehicle because of the potential safety issue her driving posed. He was not on traffic patrol when he made the stop. Because he was in plain clothes in an unmarked car, he decided not to pursue charges for driving without a license or driving under the influence of alcohol. Speakman informed Straley he simply wanted to find her a ride home. He unsuccessfully attempted to contact her mother and aunt. Speakman then decided to ask his supervisor for permission to drive Straley home. While detective Via was calling the supervisor, Straley announced that she had to use the restroom. Speakman advised her to wait because no restrooms were nearby. Straley responded that she had to relieve herself. Despite Speakman's admonition that she could not do it there, Straley "trotted" twenty or thirty feet away to the corner of a building, pulled down her pants, and urinated. As she did so, she told Speakman, "I don't care if you have to arrest me; I gotta pee." To give Straley some privacy, Speakman kept her in his peripheral vision but

avoided looking at her. It was dusk at the time, and the sun had set. After Straley finished, Speakman walked over to where she had urinated. He noticed a cellophane baggie on the ground covered in urine. The baggie contained crack cocaine. When Straley saw Speakman retrieve the baggie, she told him, "I forgot I had that. I wasn't trying to hide it from you." Speakman arrested Straley based on his discovery of the crack cocaine.

{¶ 4} Straley ultimately was charged with trafficking in crack cocaine, possession of crack cocaine, and tampering with evidence. The tampering charge involved her act of dropping the baggie while urinating. Following her no-contest plea to the trafficking and possession charges, a jury convicted her on the tampering charge. The trial court merged the trafficking and possession convictions for purposes of sentencing, and the State elected to proceed on the trafficking conviction. The trial court imposed concurrent nine-month prison sentences for the trafficking conviction and the tampering conviction. This appeal followed.

{¶ 5} In her first assignment of error, Straley contends the State presented legally insufficient evidence to sustain the tampering conviction. She argues that dropping drugs on the ground in full view of a police officer, with knowledge of the officer's presence, does not constitute tampering with evidence. In support, she cites *State v. Delaney*, 3d Dist. Union No. 14-04-10, 2004-Ohio-4158, and *State v. Henderson*, 9th Dist. Lorain No. 02CA008052, 2003-Ohio-1470.

{¶ 6} As relevant here, the evidence-tampering statute provides: "No person, knowing that an official * * * investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any * * * thing, with purpose to impair its * * * availability as evidence in such * * * investigation." R.C. 2921.12(A)(1).

**{¶ 7}** In *Delaney*, the defendant removed a packet of drugs from his sock and dropped the packet on the floor directly in front of a police officer. The Third District reasoned: "In this case, Delaney's actions were done in full view of [the officer]. When all of the actions occur within full view of law enforcement officials, and the defendant knows that the officers are there, the evidence is insufficient to prove tampering with evidence." *Delaney* at ¶7.

**{¶ 8}** In *Henderson*, police stopped a vehicle for a firearm offense. After the vehicle stopped, the defendant opened the passenger's door, reached his arm out, and placed a gun in the road. He did this in full view of officers who had surrounded the vehicle. The Ninth District found no evidence tampering based on the defendant's act of placing the gun in the road. It reasoned: "The officers provided no testimony that they witnessed appellant altering, concealing, or attempting to destroy the gun when they stopped the vehicle. Rather, the officers' testimony was clear that appellant openly deposited the gun on the road in their plain view." *Henderson* at ¶56.

**{¶ 9}** Upon review, we find *Delaney* and *Henderson* to be distinguishable. Unlike the defendant in those cases, Straley did not drop her crack cocaine in full view of Speakman. She distanced herself from him by moving twenty to thirty feet away and dropped a baggie near a building where she was urinating. It was dusk at the time, and Speakman was not watching her closely. Under these circumstances, the State presented legally sufficient evidence to establish that Straley either concealed or removed the drugs within the meaning of the evidence-tampering statute. A defendant's act of removing contraband from his or her person can constitute concealment or removal if done to avoid discovery. *See*, *e.g.*, *State v.*

*Colquitt*, 2d Dist. Clark No. 98-CA-71, 1999 WL 812313 (Sept. 24, 1999) ("The jury could reasonably infer that, by throwing the baggie over the fence, Colquitt was seeking to prevent the baggie's disclosure by placing it out of sight, or getting rid of it."). Straley's only argument in this first assignment of error is that the evidence is insufficient because she discarded drugs in plain view of a police officer. We disagree that the evidence supports the conclusion she acted in the officer's plain view. Accordingly, her first assignment of error is overruled.

{¶ 10} In her second assignment of error, Straley contends her evidence-tampering conviction is against the manifest weight of the evidence. In support, she reiterates her argument that she did not alter, destroy, conceal, or remove the baggie of drugs. But even if she did one of those things, Straley further asserts that the weight of the evidence fails to show she did so (1) with knowledge that an investigation was in progress or was likely to be instituted or (2) with the purpose to impair the baggie's availability as evidence in such investigation.

{¶ 11} Upon review, we believe the weight of the evidence supports the factual finding that Straley concealed or removed the baggie of drugs within the meaning of R.C. 2921.12(A)(1). As discussed above, she distanced herself from Speakman and dropped the baggie in a dark area when he was not paying close attention to her.

{¶ 12} We also believe the weight of the evidence supports a finding that Straley knew *an* investigation was likely to be instituted. For present purposes, we will assume, arguendo, that Speakman's investigation into her apparent act of driving under the influence of alcohol and driving without a license had been completed. When Straley went to urinate, Speakman was simply trying to find her a ride home. Nevertheless, the evidence supports a

finding that Straley knew when she dropped the baggie that a second "investigation" was likely to occur.

{¶ 13}  This court has recognized that a police officer may conduct an investigative detention based on an observed act of urinating in public. *State v. Broom*, 2d Dist. Montgomery No. 22468, 2008-Ohio-5160, ¶8; *see also State v. Minton*, 6th Dist. Sandusky No. S-93-25, 1994 WL 39057, *1 (Feb. 11, 1994) (finding "that a police officer who observes someone urinating in a public place is justified in conducting a brief investigative detention of that individual"). Straley appears to have been aware that her act of urinating in public could lead to at least an investigative detention. When going to urinate, Straley told Speakman, "I don't care if you have to arrest me; I gotta pee." Under these circumstances, the jury reasonably could have found that Straley knew some "investigation" into her public urination was likely.

{¶ 14}  In addition to Straley concealing or removing the baggie with knowledge that an investigation was likely, R.C.  2921.12(A)(1) obligated the State to prove that she acted "with purpose to impair its * * * availability *as evidence in such * * * investigation*[.]" (Emphasis added). Here the record does not support a finding that Straley discarded the baggie to impair its availability as evidence in an investigation of her public urination—or, for that matter, an investigation of her driving under the influence of alcohol or driving without a license. In *State v. Moulder*, 2d Dist. Greene No. 08-CA-108, 2009-Ohio-5871, this court reasoned that the evidence at issue in a tampering case must be related to the subject of the investigation. In *Moulder*, the defendant was stopped for speeding and placed in a police cruiser, where he dropped a small bag of cocaine on the floorboard.  This court found no

evidence-tampering, explaining:

> * * * Moulder argues that his tampering with evidence conviction is against the manifest weight of the evidence. We agree. When Moulder allegedly dropped the cocaine on the floorboard of the cruiser, the only "investigation" that had taken place was his alleged speeding violation. The cocaine could not have been used in proving the speeding violation. * * *

*Id.* at ¶7.

{¶ 15} Similarly, when Straley dropped the baggie of crack cocaine, the investigation that had already taken place involved apparent driving under the influence of alcohol and driving without a license. The only investigation still likely to take place concerned public urination which could amount to either Disorderly Conduct in violation of R.C. 2917.11(B)(1), or Public Indecency in violation of R.C. 2907.09(A)(1).[1] The contraband Straley dropped had no use or value as "evidence" in an investigation of these offenses. Because R.C. 2921.12(A)(1) required Straley to conceal or remove the baggie with knowledge that an investigation was likely *and* "with purpose to impair its * * * availability *as evidence in such * * * investigation*[,]" we believe the baggie had to have some relevance to an investigation into public urination, driving under the influence of alcohol, or driving without a license. *Moulder* at ¶7. To be convicted under the statute, a defendant must "impair" evidence in an investigation that is ongoing or likely to occur by tampering in some way with evidence related to the investigation. In reaching this conclusion, we are mindful that "[s]ections of the

---

[1] We do not need to determine whether, under the circumstances, Straley would be found guilty of either offense, only that an investigation was likely to be instituted.

Revised Code defining offenses shall be strictly construed in favor of the accused." *Id.* at ¶8.[2]

{¶ 16} Although appellant's second assignment of error refers to the manifest weight of the evidence, our analysis actually determines the insufficiency of the evidence. Sufficiency involves whether the state produced evidence to meet its burden on an issue, manifest weight evaluates the greater amount of credible evidence. Here, we determine that there is no evidence to support a finding that Straley acted with purpose to impair the baggie's availability as evidence in any ongoing or likely investigation. Therefore, she did not "tamper" with evidence in violation of R.C. 2921.12(A)(1). Instead, she merely discarded contraband, unrelated to any investigation, in the hope that police would not see it. Thus, although weight and sufficiency are separate concepts, when evidence is insufficient, it is also necessarily against the manifest weight. *State v. Spears*, 178 Ohio App.3d 580, 2008–Ohio–5181, 899 N.E.2d 188, ¶ 24 (2d Dist.). Straley's second assignment of error is sustained.

{¶ 17} The trial court's judgment is reversed, and the cause is remanded for vacation of the evidence-tampering conviction.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Lisa M. Fannin
Gregory K. Lind

---

[2] *But see State v. Skorvanek*, 182 Ohio App.3d 615, 2009-Ohio-1709, 914 N.E.2d 418, ¶23 (9th Dist.2009) ("This court has never held that a defendant commits the offense of tampering with evidence only if he tampers with an item directly related to a police officer's purpose for investigating the defendant.").