[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Straley*, Slip Opinion No. 2014-Ohio-2139.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2139.

THE STATE OF OHIO, APPELLANT, *v.* STRALEY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Straley*, Slip Opinion No. 2014-Ohio-2139.]

*Criminal law—R.C. 2921.12(A)(1)—Tampering with evidence—Conviction requires proof that defendant impaired value or availability of evidence related to existing or likely official investigation or proceeding— Destruction or concealment of contraband insufficient to constitute tampering without proof of defendant's knowledge of ongoing or likely investigation.*

(No. 2013-0544—Submitted February 5, 2014—Decided May 29, 2014.)

CERTIFIED by the Court of Appeals for Clark County, No. 12-CA-34, 2013-Ohio-510.

_____

SYLLABUS OF THE COURT

A conviction for tampering with evidence pursuant to R.C. 2921.12(A)(1) requires proof that the defendant intended to impair the value or availability of  evidence that related to an existing or likely official investigation or proceeding.

_____

**LANZINGER, J.**

{¶ 1}  In this case, we are asked to resolve a conflict between the appellate districts presented by the following certified question: "Whether a tampering conviction requires proof that the defendant impaired evidence in an investigation by tampering with evidence related to the investigation."  We answer the certified conflict question in the affirmative and affirm the judgment of the Second District Court of Appeals.

## I.  Case Background

{¶ 2}  The events that give rise to this case are not disputed.  On the evening of April 18, 2011, two plain-clothes narcotic detectives in an unmarked police vehicle observed a car travel left of center.  Although they were not on traffic duty, the officers stopped the car for public safety because of the erratic driving.  Detective Will Speakman approached the driver, appellee, Amanda Straley, who was alone in the car.  He noted the smell of an alcoholic beverage and asked Straley to leave the vehicle.  Straley could not produce a driver's license and also exhibited slurred speech.  Speakman obtained her consent to search the vehicle and her bag, but no contraband was found.

{¶ 3}  The detectives decided not to pursue any charges but would not allow Straley to drive home.  They attempted to arrange a ride for her with her mother and her aunt but were unsuccessful.  Detective Jason Via telephoned the shift lieutenant to get permission to take Straley home, and meanwhile, as Speakman testified at trial, Straley indicated that she needed to use the restroom and was jumping up and down, "doing a little dance."  Speakman instructed her to wait because there was no restroom available, but Straley started to unbutton her pants and stated, "I have got to pee.  I have to urinate."  She trotted 20 to 30 feet away to the corner of a building, saying, "I'm not running; I just gotta pee.  I don't care if you have to arrest me; I gotta pee."  She then pulled down her pants

and urinated. Detective Speakman avoided looking directly at her but kept Straley in his peripheral vision.

{¶ 4} Afterwards, Straley returned to Speakman, who then escorted her back to Via. Speakman walked back to the area where Straley had been and saw a clear cellophane baggie covered with urine. Inside the baggie there appeared to be crack cocaine. Straley was placed under arrest, and the evidence was collected.

{¶ 5} As a result of these events, Straley was charged in a three-count indictment with trafficking in drugs, a felony of the fifth degree, in violation of R.C. 2925.03(A)(2); possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A); and tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A). She filed a motion to suppress all the statements she had made to law enforcement.

{¶ 6} On the morning of trial, the trial court held a suppression hearing and denied the motion. Straley then entered pleas of no contest to the trafficking and possession counts. The case proceeded to jury trial on the remaining count of tampering with evidence, and she was found guilty. The trial court sentenced Straley to concurrent prison terms of nine months for tampering with evidence and for trafficking, after merging the counts of possession and trafficking.

{¶ 7} Straley filed a notice of appeal to the Second District Court of Appeals. The appellate court reversed the judgment of conviction related to tampering with evidence. It concluded that nothing in the record supported a finding that Straley acted with purpose to impair the value of evidence of any ongoing investigation, i.e., of driving under the influence of alcohol or driving without a license, or of any likely investigation, i.e., of public urination. 2d Dist. Clark No. 2012-CA-34, 2013-Ohio-510, ¶ 14 and 16. It held that to be guilty of violating R.C. 2921.12(A)(1), "a defendant must 'impair' evidence in an

investigation that is ongoing or likely to occur by tampering in some way with evidence related to the investigation." *Id.* at ¶ 15.

{¶ 8} The Second District granted the state's motion to certify a conflict, holding that its judgment conflicted with the judgment of the Ninth District in *State v. Skorvanek*, 182 Ohio App.3d 615, 2009-Ohio-1709, 914 N.E.2d 418 (9th Dist.). We recognized the conflict. 135 Ohio St.3d 1446, 2013-Ohio-2062, 987 N.E.2d 702. The sole issue before this court is "[w]hether a tampering conviction requires proof that the defendant impaired evidence in an investigation by tampering with evidence related to the investigation." *Id.*

## II. Legal Analysis

*Standard of Review*

{¶ 9} The interpretation of a statute is a matter of law, and thus we review the court of appeals decision de novo, including consideration of the statute's ambiguity. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. Our main objective is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). To accomplish this, we first must look at the language of the statute itself. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973). If the language is clear and unambiguous, we must apply it as written. "[I]t is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." *Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm.*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969).

{¶ 10} We have, however, emphasized that " 'where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.' " *State v. Young*, 62 Ohio St.2d 370, 374, 406 N.E.2d 499 (1980), quoting *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). This canon of strict construction, also known as the rule of lenity, is codified in R.C.

4

2901.04(A), which provides that sections of the Revised Code that define offenses or penalties "shall be strictly construed against the state, and liberally construed in favor of the accused." Under the rule, ambiguity in a criminal statute is construed strictly so as to apply the statute only to conduct that is clearly proscribed. *United States v. Lanier*, 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).

*The Statute—R.C. 2921.12(A)(1)*

{¶ 11} Straley was convicted of tampering with evidence, in violation of R.C. 2921.12(A)(1), which provides:

> No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation.

There are three elements of this offense: (1) the knowledge of an official proceeding or investigation in progress or likely to be instituted, (2) the alteration, destruction, concealment, or removal of the potential evidence, (3) the purpose of impairing the potential evidence's availability or value in such proceeding or investigation.

{¶ 12} The state argues that the Second District Court of Appeals misinterpreted R.C. 2921.12(A)(1) by unduly limiting the definition of "investigation" to require that the evidence tampered with be related to the investigation of only those charges of which law enforcement was then aware or likely to be aware. The state contends that an investigation involves the process of gathering facts and information and may grow beyond the scope of initial charges. Accordingly, the state reasons that if law enforcement investigates a

suspect for possible criminal conduct, that investigation necessarily encompasses all criminal conduct that law enforcement may discover.

{¶ 13} Straley counters that the state's expansive reading of R.C. 2921.12(A)(1) is inconsistent with the plain language of the statute and the rule of lenity. She contends that the purpose of the tampering-with-evidence statute is to protect the availability of evidence related to an ongoing investigation during its progress and any related later proceeding. According to Straley, the statute should not be broadly interpreted to encompass the discarding of contraband when there is no investigation or potential investigation relating to that contraband.

*The Conflict Cases*

{¶ 14} The Second District in this case held that there was no proof of the third statutory element of purpose to impair the value or availability of evidence related to an ongoing or likely investigation. It determined that the weight of the evidence supported a finding that Straley had discarded contraband—the baggie of drugs. It also surmised that the jury could have found that she knew that an investigation was likely to be instituted regarding her act of public urination ("I don't care if you have to arrest me; I gotta pee"). But the court concluded that Straley did not discard the baggie of drugs with the purpose of impairing its availability as evidence in the investigation of public urination. Nor would the baggie relate to an investigation into driving while under the influence of alcohol or driving without a license. Because the baggie did not relate to any current or likely investigation, the Second District reversed the conviction for tampering with evidence.

{¶ 15} In contrast, the Ninth District Court of Appeals stated, "This court has never held that a defendant commits the offense of tampering with evidence only if he tampers with an item directly related to a police officer's purpose for investigating the defendant." *Skorvanek*, 182 Ohio App.3d 615, 2009-Ohio-1709,

914 N.E.2d 418, ¶ 23. In *Skorvanek*, a request went out to stop a vehicle for an improper left-hand turn. When officers observed that vehicle drive by, they began to follow it and saw the driver throw something over the top of the car. The officers stopped the vehicle, and one of them returned to the area where the item had been thrown. A pill bottle containing heroin and various pills was found. The defendant was charged with and convicted of possessing oxycodone, heroin, Percocet, and Vicodin, tampering with evidence, and possessing drug paraphernalia and criminal tools. Skorvanek argued that his tampering conviction should be overturned because the pill bottle was unrelated to the traffic-stop investigation. The Ninth District rejected the contention that the evidence had to be related to the investigation, stating,

> An investigation may quickly proceed beyond its initial purpose. *See* [*State v. Sullivan*, 9th Dist. Medina No. 07CA0076-M, 2008-Ohio-2390, ¶ 11-25]. The fact that officers initially were following Skorvanek for a traffic violation does not detract from the evidentiary value of the pill bottle filled with heroin and multiple prescription drugs that he threw from his car.

*Id.* at ¶ 23. In short, the Ninth District focused on the "evidentiary value" of the contraband and held that Skorvanek could be found guilty of tampering with evidence.

{¶ 16} Based on our reading of the tampering statute, we agree with the Second District that the evidence tampered with must have some relevance to an ongoing or likely investigation to support a tampering charge. R.C. 2921.12(A)(1) requires the state to prove that an offender, with knowledge of an ongoing (or likely) investigation or proceeding, tampered with (altered, destroyed, concealed, or removed) a record, document, or thing "with purpose to impair its

value or availability *as evidence in such proceeding or investigation.*" (Emphasis added.) The word "such" is an adjective commonly used to avoid repetition. It means "having a quality already or just specified." *Webster's Third New International Dictionary* 2283 (1986). In this instance, "such" investigation refers back to the investigation just specified, i.e., the one that that the defendant knows is ongoing or is likely to be instituted. Therefore, the evidence must relate to that investigation; otherwise, the word "such" loses all meaning. The state's argument that all evidence recovered in an investigation should be included in the ambit of the tampering statute would require us to change the language from "such" proceeding or investigation to "any" proceeding or investigation.

{¶ 17} Our resolution in this case is similar to the decision that we reached in *State v. Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614. In *Malone*, we were asked to resolve a conflict between the districts regarding whether a conviction for intimidation of a witness under R.C. 2921.04(B) requires the state to show that the witness was involved in a criminal action or proceeding at the time the act of intimidation occurred. We stated, "The statute simply does not apply to witnesses or attorneys who *might* become involved in a criminal action or proceeding. It applies only to witnesses and attorneys who *are involved* in a criminal action or proceeding." (Emphasis sic.) *Id.* at ¶ 25. Similarly, the tampering statute applies only when a person intends to impair availability or value of evidence in an ongoing investigation or proceeding.

{¶ 18} In this case, the state also brought additional charges related to the contraband that Straley discarded. And Straley pled no contest to both the trafficking and possession charges. Our holding simply requires that to establish a violation of the tampering statute, the state must show that the defendant, with knowledge of a proceeding or investigation that is in progress or likely to be instituted, altered, destroyed, concealed, or removed any "record, document, or thing" with the purpose to impair its value or availability as evidence in that

proceeding or investigation. There is no need to expand the reach of the statute beyond its plain meaning.

### III. Conclusion

{¶ 19} Because the statute requires that the evidence be related to an ongoing or likely investigation, we hold that a conviction for tampering with evidence pursuant to R.C. 2921.12(A)(1) requires proof that the defendant intended to impair the value or availability of evidence that related to an existing or likely official investigation or proceeding. Likelihood is measured at the time of the act of alleged tampering. There is nothing in the record to suggest that the officers were conducting or likely to conduct an investigation into trafficking or possession of cocaine when Straley discarded the baggie. The baggie of cocaine did not relate to either an ongoing investigation of driving while under the influence of alcohol or driving without a license and had no evidentiary value to a likely investigation of public urination, and thus the record does not support a conviction for tampering with evidence.

{¶ 20} We, therefore, answer the certified conflict question in the affirmative and affirm the judgment of the Clark County Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents and would dismiss the cause as having been improvidently accepted.

_____

D. Andrew Wilson, Clark County Prosecuting Attorney, and Christopher L. Kinsler, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant Public Defender, for appellee.

_____