[Cite as *State v. Wallace*, 2016-Ohio-4922.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2015-09-019 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>7/11/2016 |
| - vs - | : | |
| | : | |
| TAVIO D. WALLACE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20140236

Jess C. Weade, Fayette County Prosecuting Attorney, John M. Scott, Jr., 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington C.H., Ohio 43160, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Tavio Wallace, appeals his conviction in the Fayette County Court of Common Pleas for tampering with evidence.

{¶ 2} In the early morning hours of August 16, 2014, Washington Court House Police Officer Jeffery Heinz stopped a vehicle for speeding. Appellant was the driver; a male passenger was in the front seat. Upon approaching the vehicle, Officer Heinz noticed an

odor of alcohol coming from the vehicle and observed a marijuana stem on appellant's lap. The officer removed the stem and placed it atop the vehicle. Appellant was removed from the vehicle, patted down for weapons, and told to sit on the curb. Officer Heinz asked appellant whether there were any weapons or anything else in the car that should not be there. Appellant did not reply. During the stop, Officer Heinz discovered that appellant's driver's license was suspended and that appellant lacked driving privileges in Ohio.

{¶ 3} Based upon the marijuana stem found on appellant's lap, Officer Heinz suspected there may be drugs in the vehicle. Consequently, the passenger was removed from the vehicle. Upon learning that the passenger also lacked driving privileges, Officer Heinz requested a tow truck to the scene. The officer then expressed an intention to search the interior of the vehicle as it was going to be towed, and inquired of the passenger whether there was anything illegal on his person or where he sat in the car. As Officer Heinz started to pat down the passenger for weapons, Washington Court House Police Officer Matthew Pfeifer arrived on the scene.

{¶ 4} Officer Pfeifer testified that as he pulled up to the scene, he noticed appellant "put what appeared to be a baggie in his mouth." Officer Pfeifer exited his cruiser, approached appellant, asked him, "what's in your mouth?" and ordered him to open his mouth. Despite being repeatedly ordered to open his mouth, appellant refused to comply and instead was observed chewing and trying to swallow what was in his mouth. Both officers attempted to retrieve the object from appellant's mouth; however, appellant bolted from the scene. Officer Heinz pursued appellant and tazed him to the ground. After appellant was subdued, a baggie containing white powder and covered in saliva was recovered on the ground next to appellant's face. The white powder subsequently tested positive for cocaine.

{¶ 5} Appellant was indicted in October 2014 on one count each of cocaine

possession and tampering with evidence. During a jury trial, Officers Heinz and Pfeifer testified on behalf of the state. At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29(A). The trial court overruled the motion. Appellant did not testify or present witnesses on his behalf. On June 23, 2015, the jury found appellant guilty as charged.

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL.

{¶ 8} Appellant argues the trial court erred in denying his Crim.R. 29(A) motion with regard to his tampering-with-evidence conviction because the state failed to show there was an ongoing or the likelihood of a cocaine-related investigation at the time appellant put the baggie of cocaine in his mouth, as the officers "were only looking for marijuana and only in the car." Appellant cites *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, in support of his argument.

{¶ 9} Pursuant to Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * *, if the evidence is insufficient to sustain a conviction of such offense or offenses." Our review of a trial court's denial of a Crim.R. 29 motion for acquittal is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Rivera*, 12th Dist. Butler No. CA2012-11-220, 2013-Ohio-3203, ¶ 8. Therefore, when reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 34.

- 3 -

{¶ 10} Appellant was convicted of tampering with evidence in violation of R.C. 2921.12(A)(1), which provides: "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."

{¶ 11} The Ohio Supreme Court acknowledged in *Straley* that there are three elements to tampering with evidence under R.C. 2921.12(A)(1): "(1) the knowledge of an official proceeding or investigation in progress or likely to be instituted; (2) the alteration, destruction, concealment, or removal of the potential evidence; and (3) the purpose of impairing the potential evidence's availability or value in such proceeding or investigation." *Straley*, 2014-Ohio-2139 at ¶ 11.

{¶ 12} "Because the statute requires that the evidence be related to an ongoing or likely investigation, * * * a conviction for tampering with evidence pursuant to R.C. 2921.12(A)(1) requires proof that the defendant intended to impair the value or availability of evidence that related to an existing or likely official investigation or proceeding." *Id.* at ¶ 19. "Likelihood is measured at the time of the act of alleged tampering." *Id.* In addition, the state must show that the defendant knew that an investigation was ongoing or likely at the time the evidence was tampered with. *Id.* at ¶ 18.

{¶ 13} In *Straley*, two narcotic detectives stopped the defendant's car for erratic driving. While the detectives smelled an odor of an alcoholic beverage on the defendant and suspected her of driving while under the influence of alcohol, a search of the car and her bag revealed no contraband. The detectives decided not to charge the defendant but would not allow her to drive home. As they were attempting to find her a ride home, the defendant announced she had to urinate. She then ran to the corner of a building and relieved herself. One of the detectives went to where the defendant urinated and discovered a urine covered

cellophane baggie containing crack cocaine.

**{¶ 14}** The defendant was convicted of tampering with evidence, but the Second Appellate District reversed the conviction, finding that the defendant had not impaired evidence related to any ongoing or likely investigation. The supreme court affirmed the appellate court's decision, finding

> There is nothing in the record to suggest that the officers were conducting or likely to conduct an investigation into trafficking or possession of cocaine when Straley discarded the baggie. The baggie of cocaine did not relate to either an ongoing investigation of driving while under the influence of alcohol or driving without a license and had no evidentiary value to a likely investigation of public urination, and thus the record does not support a conviction for tampering with evidence.

*Straley*, 2014-Ohio-2139 at ¶ 19.

**{¶ 15}** We find the facts present in this case are distinguishable from those in *Straley*. Furthermore, we find the trial court did not err in denying appellant's Crim.R. 29(A) motion with regard to his conviction for tampering with evidence.

**{¶ 16}** The critical determination in our analysis is whether the evidence tampered with was connected to an existing or likely investigation. *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 28. Here, although the investigation began as a routine traffic stop for speeding, it escalated to the discovery of a marijuana stem on appellant's lap, appellant's suspended driver's license and lack of driving privileges, and the passenger's lack of driving privileges, which resulted in the need to arrest appellant and have the vehicle towed. When appellant put the baggie in his mouth and Officer Pfeifer asked him, "what's in your mouth?" appellant knew an investigation into his cocaine possession was in progress. Subsequently, appellant refused to open his mouth, chewed the baggie and tried to swallow it, resisted the officers' attempts to retrieve the baggie, and bolted from the scene at the first opportunity. Viewing this evidence in a light most favorable to the state, a rational trier of fact

could find that appellant's refusal to remove the baggie of cocaine from his mouth and his subsequent flight with the baggie constituted concealment and removal of the baggie, with the purpose of impairing its availability in the investigation.  *See State v. Sharp*, 8th Dist. Cuyahoga No. 103445, 2016-Ohio-2634.  Appellant's conviction for tampering with evidence is therefore supported by sufficient evidence.

{¶ 17} Appellant's assignment of error is overruled.

{¶ 18} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.