[Cite as *State v. Bryant*, 2018-Ohio-3756.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170569 |
| | | C-170570 |
| Plaintiff-Appellee, | : | TRIAL NOS. 17TRD-33676B |
| | | 17TRD-33676C |
| vs. | : | |
| MICHAEL BRYANT, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in C-170570;  Appeal Dismissed in C-170569

Date of Judgment Entry on Appeal: September 19, 2018

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    Following a bench trial, Michael Bryant was convicted of failure to control his vehicle, in violation of R.C. 4511.202, and failure to stop after an accident, in violation of R.C. 4549.02.    He was acquitted of driving under a Financial Responsibility Act ("FRA") suspension.    In a single assignment of error, Bryant argues that his conviction for failure to stop after an accident was based upon insufficient evidence and was against the manifest weight of the evidence.    For the reasons discussed below, we affirm.

{¶2}    Because Bryant has failed to raise any assignment of error challenging his conviction for failure to control his vehicle, we dismiss the appeal in the case numbered C-170569.    *See* App.R. 16(A); *see also State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 42-43 (1st Dist.).

### Facts and Procedural Background

{¶3}    Late in the night of March 16, 2017, Bryant was involved in an accident with another car being driven by Elanor Everhardt.  Based on Everhardt's testimony, she was driving on Spring Grove Avenue at an intersection at the bottom of Clifton hill at about 11:00 p.m.  Bryant came around her on the left and hit the driver's side of her car with the passenger side of his car, and he hit the divider curb in the middle of the street with his car, causing two flat tires.

{¶4}    Everhardt followed Bryant down the street until he eventually pulled into a parking lot.  They both got out of their cars.  Everhardt's younger sister was with her, and she told her to stay in the car with the doors locked.  She testified she did this to protect her sister and that she was concerned for her safety.

{¶5} According to Everhardt, Bryant was unaware he had been in an accident and was surprised to hear he hit her. She testified Bryant was stumbling around and smelled like he had been drinking. Bryant admitted to being drunk.

{¶6} Bryant did not want Everhardt to call the police because he had been drinking. Instead, he offered her money, which she refused.

{¶7} Bryant gave Everhardt his full name. He told her he did not have insurance, a driver's license, or a registration. He let her take a picture of his non-driver's license identification, and he gave Everhardt his phone number. She also took a picture of his license plate.

{¶8} Everhardt told Bryant she wanted to call the police. He asked her not to because he had been drinking. The record does not contain any evidence that Everhardt ever agreed not to call the police.

{¶9} Everhardt and Bryant remained in the parking lot for approximately an hour. She testified that during this time, he told her he had drugs on him and was a drug dealer. According to the testimony, that was an additional reason he did not want the police called. He kept repeating that he did not hit her on purpose and meant no ill will.

{¶10} After an hour, Everhardt got in her car and called a tow truck and then the police. She testified that she had earlier told her sister to call the police, but there must have been a miscommunication and she did not call.

{¶11} Bryant left. The record contains no evidence that he knew Everhardt was calling the police. Nor does it contain any evidence that she told him she would not.

{¶12} The police arrived. Officer Voss testified that Bryant was not there when he arrived. He also testified that Everhardt did not have the registration number of Bryant's vehicle.

{¶13} The trial court found Bryant guilty of violating R.C. 4549.02, concluding that Bryant failed to provide the registered number of the motor vehicle to Everhardt. We do not reach this issue because we find that even if the license plate number is not the "registered number" of the vehicle, under the specific facts of this case, Bryant was required to provide Officer Voss with the required information. Because he failed to do so, we affirm his conviction.

### *Weight and Sufficiency of the Evidence*

{¶14} In his sole assignment of error, Bryant challenges the weight and sufficiency of the evidence supporting his conviction for failure to stop after an accident.

{¶15} In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In reviewing a challenge to the weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. *Id.*

{¶16} R.C. 4549.02(A)(1) provides:

> In the case of a motor vehicle accident or collision with persons
> or property on a public road or highway, the operator of the motor
> vehicle, having knowledge of the accident or collision, immediately
> shall stop the operator's motor vehicle at the scene of the accident or
> collision. The operator shall remain at the scene of the accident or
> collision until the operator has given the operator's name and address

and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision.

{¶17} The statute was amended in 2016, and, among other things, changed the language to require the information be given to *all* three of the listed people; the prior statute required it to be given to *any* of those people.

### *Registered Number*

{¶18} At trial, the parties focused on whether Bryant, by allowing Everhardt to take a picture of his license plate, had complied with the requirement of giving her the "registered number" of the motor vehicle. This term is not defined in the Ohio Revised Code, and we find that its meaning is ambiguous. We do not, however, need to reach the issue of whether a license plate number is the equivalent of the registered number.

### *Failure to Provide Information to Police Officer*

{¶19} As amended in 2016, the statute now requires that the information be given not only to the other driver and any injured person, but also to "the police officer at the scene of the accident or collision." We recognize that there is no general duty to call the police after every accident. We also recognize that in certain cases, the parties may mutually agree that there is no need to call an officer to the scene. That is not, however, what we have here.

{¶20} In this case, Bryant requested of Everhardt that she not call the police. And even though they spoke for an hour, Everhardt never told him she was not going to call the police. Nor did she agree not to. In fact, Everhardt stayed in the parking lot and called the police. Under these specific facts, we find Bryant was required to give his information to Officer Voss when he arrived. *See State v. Wheaton*, 2d Dist. Montgomery No. 27615, 2018-Ohio-1648, ¶ 46. Therefore, we hold that Bryant's conviction for failure to stop after an accident was supported by sufficient evidence and was not against the manifest weight of the evidence. We overrule Bryant's sole assignment of error.

### *Conclusion*

{¶21} Therefore, we affirm the judgment of the trial court in the appeal numbered C-170570. The appeal numbered C-170569 is dismissed.

*Judgment accordingly.*

DETERS, J., concurs.
ZAYAS, P.J., dissents.

ZAYAS, P.J., dissenting.

{¶22} I respectfully dissent from the majority's opinion. R.C. 4549.02(A)(1)(c) clearly states that the operator of a motor vehicle involved in a collision shall remain at the scene and give his or her information to "[t]he police officer *at the scene of the accident or collision*." (Emphasis added.) The record here shows that no police officer was at the scene of the accident and that no officer was called to the scene for the hour that Bryant was present.

{¶23} In contrast, R.C. 4549.02(A)(2), states that in the event an injured person is unable to comprehend and record the information, "[t]he operator *shall*

6

*remain at the scene of the accident or collision until a police officer arrives*, unless removed from the scene by an emergency vehicle * * *." (Emphasis added.) The legislature differentiated between when an operator has to stop and remain at the scene for police to arrive and when he does not. "[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12.

{¶24} The majority cites *State v. Wheaton,* 2d Dist. Montgomery No. 27615, 2018-Ohio-1648*.* However, in *Wheaton* the defendant's car had a temporary license tag with the last number missing, and she did not give her real name and address, left the scene without disclosing the name and address of the vehicle's owner, and knew the police had been called and were on their way when she left.

{¶25} Here, Bryant did not have a duty to remain on the scene indefinitely where the record indicates the police had not been summoned after an hour and contains no evidence that Bryant knew Everhardt was calling the police. The majority relies on the fact that Everhardt had "never told him she was not going to call the police." That interpretation of the statute requires both operators to stay at the scene until each driver affirmatively says they will not call the police. If it is ambiguous whether the other operator will call the police, a driver must stay at the scene. Further, a driver cannot leave the scene without risking that the other driver will call the police after he or she has left. Rather, it is significant that Everhardt had not called the police while Bryant was present

and had not indicated that she was going to call them during their conversation. Everhardt testified that after an hour-long conversation she got back into her car, called a tow truck, and then called the police. Ultimately, Bryant left the scene before they arrived.

{¶26} I find the language of the statute and the meaning of "at the scene" to be clear and unambiguous, but, if there were any ambiguity in the statute, we are bound to construe it in Bryant's favor. *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 10; *State v. Vaduva*, 2016-Ohio-3362, 66 N.E.3d 212, ¶ 20 (2d Dist.). Consequently, I must dissent, and would reverse the decision of the trial court in the appeal numbered C-170570.

Please note:

The court has recorded its own entry on the date of the release of this opinion.