[Cite as *State v. Grantham*, 2020-Ohio-4418.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

DARRELL GRANTHAM

    Appellant

C.A. No.    19CA011468

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CR090412

DECISION AND JOURNAL ENTRY

Dated: September 14, 2020

---

HENSAL, Presiding Judge.

{¶1} Darrell Grantham appeals his convictions and sentence in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Grantham lived for a time with the mother of two of his children, who was also the custodian of a 15-year-old girl. According to the girl, over the course of several months, Mr. Grantham engaged in various acts of sexual conduct with her. He also sent her text messages requesting sexual conduct with her. After receiving the text messages, the girl told her aunt about what had been going on. They contacted the police, who interviewed Mr. Grantham and searched his phone, revealing that the messages had been deleted.

{¶3} The Grand Jury indicted Mr. Grantham for three counts of rape, three counts of unlawful sexual conduct with a minor, tampering with evidence, and importuning. Following a jury trial, the jury found him guilty of the tampering with evidence and importuning counts, and

the trial court sentenced him to a total of 24 months imprisonment. Mr. Grantham has appealed his convictions and sentence, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT DENIED MR. GRANTHAM DUE PROCESS, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY BEING VINDICTIVE IN ITS SENTENCING FOR EXERCISING HIS RIGHTS TO NOT PLEAD GUILTY AND HAVE HIS CASE TRIED BEFORE A JURY.

{¶4} In his first assignment of error, Mr. Grantham argues that the trial court improperly punished him for exercising his right to a jury trial. According to Mr. Grantham, he originally pleaded guilty to an amended indictment and the trial court was going to sentence him to community control. Even though his plea agreement with the State eventually fell apart, he ended up being convicted of offenses that were less serious than those to which he had agreed to plead guilty. Despite being convicted of less serious offenses, the trial court imposed a 24-month prison sentence instead of sentencing him to community control. Mr. Grantham argues that it therefore can be inferred that his sentence was vindictive for electing to have a trial.

{¶5} "A criminal defendant is guaranteed the right to a trial by jury and cannot be punished for exercising that right by refusing a plea offer." *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, ¶ 29, citing *State v. O'Dell*, 45 Ohio St.3d 140 (1989), paragraph two of the syllabus. "Any increase in sentencing that is attributable to the defendant's decision to take the case to trial is improper." *Tucker* at ¶ 29, citing *State v. Morris*, 159 Ohio App.3d 775, 2005-Ohio-962, ¶ 12 (4th Dist.). "Consequently, a trial court must avoid the appearance that a sentence has been enhanced because the defendant chose to take the case to trial." *Tucker* at ¶ 29, citing *State v. Chapman*, 190 Ohio App.3d 528, 2010-Ohio-5924, ¶ 30 (9th Dist.), quoting *Morris*

at ¶ 13. "If a court makes statements from which it can be inferred that the sentence was increased due to a defendant's decision to proceed to trial, then that sentence must be vacated unless the record contains unequivocal evidence that the decision to proceed to trial was not considered when sentencing the defendant." *State v. Turner*, 9th Dist. Summit No. 27210, 2014-Ohio-4460, ¶ 22.

{¶6} Mr. Grantham initially agreed to plead guilty to an amended indictment. He acknowledges that there was no sentencing agreement. Before accepting his plea, the court informed Mr. Grantham of all of its sentencing options, including its ability to sentence him to send him to prison immediately. It told him, however, that it would not do that because it did not know anything about him or the case and would have a presentence investigation report prepared.

{¶7} By the time the court reconvened for sentencing, there had been new allegations made against Mr. Grantham. Mr. Grantham, therefore, told the court that he wanted to move to withdraw his plea and see how the new allegations progressed. The court replied that the new allegations had indeed tipped its sentencing considerations and that it would have sent him to prison based on the new information instead of probation like Mr. Grantham was probably expecting. It, therefore, granted Mr. Grantham's request to withdraw his plea.

{¶8} At sentencing following the trial, the court reminded Mr. Grantham that, when it received the original presentence investigation report, its notes indicated that it was concerned. The court also noted that one of Mr. Grantham's convictions had a presumption of prison. Although the other offense did not have that presumption, the fact that it concerned conduct that was sexual in nature was a factor that made the offense more serious in nature. The court determined that, upon consideration of the presentence investigation report and its familiarity with the facts of the case from having sat through the trial, a prison sanction was appropriate in order to comport with the principles and purposes of sentencing. The court allowed Mr. Grantham a few

days to report to prison, however, because it understood that he may have anticipated community control based on the pre-trial negotiations between counsel.

{¶9} Contrary to Mr. Grantham's assertion, the record does not display any vindictiveness by the trial court. Before trial, the court indicated that it was going to sentence Mr. Grantham to prison based on what it had learned from the presentence investigation report. Following the trial, the court remained concerned about the sexual nature of Mr. Grantham's offenses. One of the offenses also had a presumption of prison. There is nothing in the record that suggests the court increased Mr. Grantham's sentence because he decided to proceed to trial. *Turner*, 2014-Ohio-4460, at ¶ 22. Mr. Grantham's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶10} In his second assignment of error, Mr. Grantham argues that his tampering and importuning convictions are not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶11} Regarding Mr. Grantham's conviction for tampering with evidence, Revised Code Section 2921.12(A)(1) provides that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation." Thus, the offense has three elements: "(1) the knowledge of an official proceeding or investigation in progress or likely to be instituted, (2) the alteration, destruction, concealment, or removal of the potential evidence, [and] (3) the purpose of impairing the potential evidence's availability or value in such proceeding or investigation." *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, ¶ 11.

{¶12} Mr. Grantham argues that there was no evidence that he deleted the emails he sent to the girl after he learned that she had or was going to report them to the police. He notes that the investigation did not begin until 20 days after he sent the messages and there was no evidence indicating when they were actually deleted from his phone or that he took action to delete them.

{¶13} Mr. Grantham is correct that there is no direct evidence that he deleted the text messages in response to a pending or imminent investigation. Whether tampering with evidence occurred, however, may be inferred from the circumstances. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 30. According to a police detective who interviewed Mr. Grantham, when he spoke with the girl's aunt, he learned that she had lost her composure and called Mr. Grantham to accuse him of raping the girl. The detective, therefore, contacted Mr. Grantham to set up an interview about the call he received from the aunt. During the interview, Mr. Grantham initially denied exchanging any text messages with the girl. Later, he said that someone else had sent them while borrowing his phone. He eventually admitted that he had sent messages to the girl but denied that there was anything sexual about them. Finally, he admitted that some of the

messages were sexual in nature and accused the girl of being a flirt and a tease. There was also evidence that all of the text messages on the phone from before the date that the aunt contacted Mr. Grantham had been deleted.

{¶14} Upon review of the record, we conclude that the deletion of all messages from Mr. Grantham's phone from before the date that the aunt accused him of harming the girl as well as his reluctance to acknowledge that he had exchanged messages with the girl constituted sufficient evidence from which a reasonable trier of fact could infer that Mr. Grantham, knowing that an official proceeding or investigation was in progress or likely to be instituted, deleted the messages from his phone with the purpose of impairing their availability as evidence against him. Accordingly, to the extent that Mr. Grantham challenges whether there was sufficient evidence to support his conviction for tampering with evidence, his second assignment of error is overruled.

{¶15} Regarding Mr. Grantham's conviction for importuning, Section 2907.07(D)(1) provides that a person who is 18 years old or older shall not "solicit another by means of a telecommunications device * * * to engage in sexual activity" if "[t]he other person is thirteen years of age or older but less than sixteen years of age, the offender knows that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the other person." According to Mr. Grantham, the messages that the State presented are not sexual in nature, do not solicit sexual activity, and simply contain abbreviations or misspellings.

{¶16} As previously noted, Mr. Grantham admitted to law enforcement that the messages were sexual in nature. One of the messages asked the girl to come down to him after another resident of the household left. He also asked her if he could "cum lick it[,]" which can be interpreted as a solicitation for sexual activity. Upon review of the record, we conclude that Mr.

Grantham's importuning conviction was supported by sufficient evidence. Mr. Grantham's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶17} In his third assignment of error, Mr. Grantham argues that his convictions are against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶18} Mr. Grantham argues that the State failed to meet its burden of persuasion. He contends that people routinely delete messages from their phones after a period of time and that sometimes messages get deleted accidentally. He argues that, in light of the amount of time that passed between when he sent the messages and when the investigation started, as well as the lack of any evidence regarding when the messages were deleted, it cannot be inferred that he knowingly deleted the messages with the intent of impeding an investigation. He also argues that the messages were simply brief instructions to another household member and do not signal a request

for sexual activity. He notes that the State did not ask the girl to explain what the messages meant to her at trial.

{¶19} It was not unreasonable for the jury to believe that it was more than coincidental that Mr. Grantham's phone did not have any text messages on it from before the date on which the girl's aunt accused him of harming the girl. The fact that Mr. Grantham later denied exchanging any messages with the girl supports an inference that he was attempting to hide his conversations with her. Although the girl did not specifically testify that she interpreted the messages as sexual, she said that they disgusted her and that she did not want anything to do with what they suggested. Accordingly, upon review of the evidence, we cannot say that the jury lost its way when it determined that Mr. Grantham was guilty of tampering with evidence and importuning. We conclude that his convictions are not against the manifest weight of the evidence. Mr. Grantham's third assignment of error is overruled.

### III.

{¶20} Mr. Grantham's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.