[Cite as *State v. Harrison*, 2020-Ohio-6967.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DARYL D. HARRISON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 JE 0009

---

Appellant's Application for Reopening

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Timothy Young, Ohio* Public Defender and *Atty. Craig M. Jaquith,* Assistant State Public Defender, Office of the Ohio Public Defender, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.

Dated: December 31, 2020

---

**PER CURIAM.**

{¶1} Appellant Daryl D. Harrison has filed an application to reopen his appeal. He raises a single assignment of error arguing that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his tampering with the evidence conviction. He argues that he had no reason to know that officers would commence a firearm investigation when they approached his vehicle. Because he did not know a firearm investigation was likely to commence, he argues that his actions in concealing the firearm did not constitute tampering with evidence pursuant to *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175. For the reasons provided, Appellant's application for reopening is denied.

## Factual and Procedural History

{¶2} Appellant was charged with several crimes in two separate indictments that were later consolidated for the purpose of trial. Here, he challenges only his tampering with the evidence conviction associated with case number 18 CR 216. In that case, the following facts are relevant:

> [O]n December 13, 2018 * * * Steubenville police officers were dispatched to a Wendy's restaurant located at Hollywood Plaza to conduct a welfare check on two individuals who were reportedly smoking marijuana in a Sports Utility Vehicle ("SUV"). (4/1/19 Trial Tr. Vol. III, p. 324.) Patrolman James Marquis arrived at the scene first. Officer Sean Exterovich and Patrolman Edward Karovic arrived shortly thereafter. Two of the cruisers had cameras mounted on their dashboard and the officers wore microphones which captured the events.

When the officers walked towards the vehicle, they observed Appellant in the driver's seat of the vehicle and a woman later identified as his girlfriend in the passenger seat. Officers observed both occupants reach underneath their seats. As the officers approached the vehicle, they detected a strong smell of marijuana and saw Appellant smoking a marijuana cigarette.

At the officer's request, Appellant exited the vehicle and handed Patrolman Marquis the marijuana cigarette. He claimed that he had reached under his seat to locate his GPS unit, which he held in his hand. Based on the odor and presence of marijuana, the officers conducted a probable cause search of the vehicle and also a patdown of both Appellant and his girlfriend. The officers did not find any contraband on Appellant's person, but located what appeared to be crack cocaine and a crack pipe in his girlfriend's hooded sweatshirt.

Officer Exterovich asked Appellant whether he had any firearms inside the vehicle. Appellant responded that he did not, as he is a convicted felon and subject to a weapons disability. However, during a search of the vehicle officers found a firearm underneath the passenger seat. A loose bullet and a magazine were located in the center console. Both Appellant and his girlfriend denied having any knowledge of the firearm. Officers relayed the firearm's serial number to dispatch and learned that it had been reported stolen several days before by a Steubenville resident.

*State v. Harrison*, 7th Dist. Jefferson No. 19 JE 0009, 2020-Ohio-3624, ¶ 6-9.

Case No. 19 JE 0009

{¶3} In the two indictments, Appellant was charged with one count of failure to comply with the order or signal of a police officer, a felony of the third degree in violation of R.C. 2921.331(B), (C)(5)(a)(iii); one count of having a weapon while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(3); one count of receiving stolen property, a felony of the fourth degree in violation of R.C. 2913.51(A), (C); tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1), (B); and improperly handling a firearm in a motor vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B).

{¶4} Following a jury trial, Appellant was convicted of all charged offenses, including tampering with the evidence due to his actions in placing the gun underneath the seat as police approached the vehicle. The trial court imposed an aggregate sentence of twelve years of incarceration.

{¶5} On appeal, we reversed and vacated Appellant's receiving stolen property conviction and the corresponding sentence. We affirmed all other aspects of Appellant's convictions and sentence.

Reopening

{¶6} Pursuant to App.R. 26(B)(1), a criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." An applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

Case No. 19 JE 0009

**{¶7}** In order to show ineffective assistance of appellate counsel, the applicant must meet the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Strickland*, the applicant must first demonstrate deficient performance of counsel and then must demonstrate resulting prejudice. *Id.* at 687. See also App.R. 26(B)(9).

ASSIGNMENT OF ERROR

The trial court violated Mr. Harrison's rights to due process and a fair trial when, in the absence of sufficient evidence, he was convicted of tampering with evidence. Fifth and Fourteenth Amendments to the United States Constitution; Article I, Section 16 of the Ohio Constitution. (Apr. 16, 2019, Judgment Entry.)

**{¶8}** Appellant argues the Ohio Supreme Court has held that the state must establish that law enforcement was conducting an investigation related to the conduct forming the basis for a tampering with evidence charge, or that such investigation was likely to be conducted, in order to convict. See *Straley*, *supra*. Here, Appellant argues that the state did not establish that the officers were conducting a firearm investigation or that such investigation was likely.

**{¶9}** The state has not filed a response brief.

**{¶10}** In *Straley,* officers initiated a traffic stop on a vehicle driven by the appellant on suspicion of driving under the influence of alcohol. *Id.* at ¶ 3. During the investigation, the officers decided not to arrest the appellant and attempted to arrange for someone to drive her home. At some point, she ran to a nearby building and called out to the officers

that she was not fleeing, but had to urinate. She shortly returned to the area where officers waited. One officer walked over to the building and saw a plastic baggie containing suspected drugs near where the appellant had urinated. She was then charged with driving under the influence, drug related offenses, tampering with evidence, and public urination.

{¶11} On appeal, the Second District vacated the tampering with evidence conviction because the conduct associated with that charge, dropping the baggie of drugs near the building, did not relate to the ongoing investigation into driving under the influence of alcohol or any investigation regarding public urination. The Ohio Supreme Court accepted the case as a certified conflict. The *Straley* Court affirmed the Second District. The Court explained the importance of "the time of the act of alleged tampering." *Id.* at ¶ 19. At the time the actions forming the basis for the tampering charge occur, the conduct supporting this charge must either be the subject of an ongoing or likely investigation in order to convict. *Id.*

{¶12} The *Straley* Court determined that, at the point the appellant dropped the baggie of drugs, she was under an alcohol investigation and a likely public urination investigation. Neither of these involved drug activity, and had she not dropped the baggie of drugs, they do not appear likely to have formed the basis for a separate investigation. Because her conduct in disposing of the drugs was not related to the ongoing or likely to occur investigations, the Court held that the tampering conviction was not supported by sufficient evidence. *Id.* at ¶ 19.

{¶13} In the instant matter, the relevant question is: when did Appellant attempt to hide the firearm? While there is no direct evidence as to the specific time this conduct

occurred, the record provides circumstantial evidence that it occurred when he reached underneath his seat as the officers approached the vehicle. Pursuant to *Straley,* the important issue is: what investigation was taking place or was likely to occur at that moment. This record shows Appellant did not know why the three police cars had arrived or that they had received a tip about possible drug activity. However, as he was holding a marijuana cigarette in his hand as the officers approached the vehicle, it can be presumed that he knew some drug investigation had or was likely to begin.

{¶14} The question becomes whether Appellant had any reason to believe that investigation into a firearm was likely. The record reveals that he has a criminal history involving drug related charges, hence is under a weapons disability. It can be presumed that he knew a search of his person, and probably the vehicle, would likely occur based on the open and obvious presence of drugs. Any such search would result in discovery of his firearm. The record shows that the officers believed that they needed to investigate for possible firearms, because when Officer Sean Exterovich approached the vehicle, he asked Appellant if he had a firearm. Appellant responded that he did not, as he was under a weapons disability. In a jailhouse telephone call to a friend, Appellant confided that he had forgotten that his gun was inside the vehicle until police arrived. These facts demonstrate that Appellant knew the presence of the firearm was problematic and would likely be discovered by law enforcement during their investigation.

{¶15} Importantly, at the moment Appellant placed the firearm underneath his seat, the officers were approaching the vehicle and able to observe his movements. Despite knowing that the officers could see him through the windshield, he made a furtive movement and placed his hands underneath his seat. At that point, he could reasonably

expect that the officers may suspect his actions involved dangerous contraband and would investigate those actions for purposes of officer safety, which occurred.

**{¶16}** In summation, there is ample evidence that an investigation regarding whether he had a firearm did occur and was likely to occur here, based on Appellant's weapons disability, his movements, and the obvious presence of drugs. Based on *Straley,* his tampering with evidence conviction was appropriate and Appellant's argument that he was deprived of effective assistance of counsel on appeal is misplaced.

**{¶17}** Accordingly, Appellant's sole assignment of error is without merit.

Conclusion

**{¶18}** Appellant argues that his appellate counsel was ineffective for failure to challenge the sufficiency of the evidence presented relating to his tampering with evidence conviction. For the reasons provided, Appellant has failed to show he was deprived of effective assistance of counsel on appeal.

**{¶19}** Accordingly, Appellant's application for reopening is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

# NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**