OPINION *Page 2 
{¶ 1} Defendant Valerie Franklin appeals a judgment of the Court of Common Pleas of Stark County, Ohio, entered on a jury verdict of guilty of one count of trafficking in cocaine in violation of R.C.2925.03 and one count of possession cocaine in violation of R.C. 2925.11. Appellant assigns six errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN DENYING MS. FRANKLIN'S RULE 29 MOTION FOR ACQUITTAL WHERE THE STATE PRESENTED INSUFFICIENT EVIDENCE TO PROVE THE ELEMENTS OF TRAFFICKING IN COCAINE IN VIOLATION OF R.C.2925.03.
 {¶ 3} "II. MS. FRANKLIN'S CONVICTION FOR TRAFFICKING IN COCAINE IN VIOLATION OF R.C. 2925.03 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} "III. THE TRIAL COURT ERRED IN DENYING MS. FRANKLIN'S RULE 29 MOTION FOR ACQUITTAL WHERE THE STATE PRESENTED INSUFFICIENT EVIDENCE TO PROVE THE ELEMENTS OF POSSESSION OF COCAINE IN VIOLATION OF R.C.2925.11.
 {¶ 5} "IV. MS. FRANKLIN'S CONVICTION FOR POSSESSION OF COCAINE IN VIOLATION OF R.C.2925.11 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. *Page 3 
 {¶ 6} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE WITHOUT FIRST ASKING MS. FRANKLIN WHETHER SHE HAD ANYTHING TO SAY AS TO WHY SENTENCE SHOULD NOT BE IMPOSED UPON HER.
 {¶ 7} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE WITHOUT FIRST ASKING MS. FRANKLIN IF SHE WISHED TO PRESENT ANY INFORMATION IN MITIGATION OF PUNISHMENT."
 {¶ 8} The record indicates on October 2, 2006, the Gang Task Force Unit conducted surveillance in the area of an apartment building on 11th Street N.W., in Canton, Stark County, Ohio. Members of the task force observed a truck pull up to the apartment building. A male got out and went to the side door, returning after about three or four minutes. Officers from the Unit stopped the truck and found crack cocaine inside of it. The driver of the vehicle, Brad Cairnes, agreed to disclose the name of the person who was selling the crack cocaine. He indicated the person was named "Val" selling out of apartment #1.
 {¶ 9} Officers raided the apartment and found crack cocaine, marijuana, baggies, digital scales, Chore Boys, and a glass crack pipe. Officers also found a large amount of consumer goods still in unopened boxes, and plastic store bags containing clothing, toiletries, and electronics. Officer John Dittmore testified such items are often found in crack houses because users and buyers of crack often lack cash and barter goods for drugs.
 {¶ 10} Appellant was in the kitchen at the time of the raid. The officers found no drugs in the kitchen, but did discover a crack pipe with a Chore Boy still in it. At trial *Page 4 
Cairnes testified he had purchased crack cocaine from appellant in the kitchen. He had purchased drugs at the apartment for several months prior to his arrest.
 I. II. {¶ 11} In her first and second assignments of error, appellant argues the court should have granted her Crim. R. 29 motion for acquittal because the jury's verdict with regard to the charge of trafficking in cocaine is against the manifest weight and sufficiency of the evidence.
 {¶ 12} A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the State, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable doubt, seeState v. Dennis (1997), 79 Ohio St. 3d 421.
 {¶ 13} In State v. Thompkins (1997), 78 Ohio St. 3d 380, the Ohio Supreme Court explained the similarities and differences between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard applied to determine whether the evidence was legally sufficient to submit the matter to a jury and to support its verdict as a matter of law,Thompkins at 386, citations deleted. However, even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the *Page 5 
issue, Thompkins at 387. Weight of the evidence is not a question of mathematics, but depends upon its effect in inducing belief. Id., citation deleted.
 {¶ 14} Appellant argues the State failed to produce evidence and to prove the essential elements of trafficking in cocaine. Appellant lists the elements as knowingly selling or offering to sell cocaine. Knowingly is defined in R.C. 2901.22: "A person acts knowingly, regardless of his purpose, when he is aware his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 15} Appellant argues mere presence in the residence where illegal drugs are located is insufficient as a matter of law to support an inference of knowledge of the drugs and activities involving drugs,State v. Cortez, Lucas App. No. 05-1112, 2007-Ohio-96. Appellant argues the only evidence presented at trial to prove appellant was involved in trafficking of cocaine was the testimony of Cairns, an admitted crack addict who was not charged with possession of cocaine because he named appellant as the individual who sold the crack to him. We find this is sufficient evidence from which a reasonable trier of fact could conclude the State presented evidence on each essential element of the offense of trafficking in cocaine. The trial court did not err in overruling appellant's motion for acquittal and submitting the matter to the jury.
 {¶ 16} In reviewing a jury's verdict regarding the weight of the evidence, this court sits as a thirteenth juror and reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial *Page 6 
ordered. A court should grant a new trial only in an exceptional case where the evidence weighs heavily against the conviction,Thompkins, at 387, citations deleted.
 {¶ 17} We have reviewed the record and do not find the jury lost its way or created a manifest miscarriage of justice. Accordingly, we conclude the jury's verdict regarding the charge of trafficking in cocaine is supported by the weight of the evidence.
 {¶ 18} The first and second assignments of error are overruled.
 III. IV. {¶ 19} In her third and fourth assignment of errors, appellant raises the same arguments presented in I, and II, supra, with regard to her conviction for possession of cocaine. The statute defines the offense as knowingly obtaining, possessing or using a controlled substance, see R.C. 2925.11. R.C. 2925.01 (K) defines possession as having control over a thing or substance, but possession may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. Possession may be proven by "constructive possession", in which the accused is found in very close proximity to readily usable drugs, see State v. Barr (1993),86 Ohio App. 3d 227.
 {¶ 20} Appellant argues although the State presented ample evidence of items related to cocaine in the apartment, appellant was not lessor of the apartment. Appellant argues the state offered only the testimony of Cairns as proof appellant knew the items were in the apartment.
 {¶ 21} Our review of the record indicates there was sufficient, competent and credible evidence to warrant the court's overruling of appellant's motion for acquittal, *Page 7 
and to submit the matter to the jury. We also find the jury's verdict is not against the manifest weight of the evidence.
 {¶ 22} The third and fourth assignments of error are overruled.
 V. VI. {¶ 23} In her fifth and sixth assignments of error, appellant argues the court erred as a matter of law because it imposed sentence without first asking appellant whether she had anything to say as to why sentence should not be imposed upon her, or if she wished to present any information in mitigation of punishment.
 {¶ 24} Crim. R. 32 describes the procedure the court must follow during sentencing. The Rule requires the court to afford counsel an opportunity to speak on behalf of the defendant and the court must address the defendant personally to ask if he or she wishes to make a statement in his or her own behalf or to present any information in mitigation of punishment. R.C. 2929.19 (A)(1) requires the court to ask the offender whether he or she has anything to say as to why sentencing should not be imposed on him or her.
 {¶ 25} At the sentencing hearing on January 11, 2007, the trial court stated: "Ms. Franklin, this is your sentencing hearing. At this hearing you are permitted to present information to the court which you believe is relevant to your sentence in this case." Tr. at 281-282. The court then inquired of defense counsel whether he had anything to present, and defense counsel argued appellant was not an active participant in the offenses and the amount of cocaine involved was relatively small. Counsel reminded the court appellant cooperated with the authorities. Counsel informed the court appellant had a drug problem which could have contributed to the events, and she has *Page 8 
never had the opportunity for rehabilitation. Counsel also stated appellant has six minor children. Tr. at 282-284. The court then asked appellant if there was anything she wished to say to the court, and appellant indicated there was not, Tr. at 284.
 {¶ 26} Neither the statute nor the Rule sets forth any specific language a court must employ, and we find the court's discussion with appellant fulfills the requirements of the statute and the Rule.
 {¶ 27} The fifth and sixth assignments of error are overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. By Gwin, P.J., Hoffman, J., and Delaney, J., concur
Gwin, P.J., Hoffman, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1