**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Barry,* Slip Opinion No. 2015-Ohio-5449.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-5449

THE STATE OF OHIO, APPELLEE, *v.* BARRY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Barry,* Slip Opinion No. 2015-Ohio-5449.]**

*Criminal law—R.C. 2921.12(A)(1)—Tampering with evidence—Ohio does not recognize the "unmistakable crime" doctrine in connection with the offense of tampering with evidence because that doctrine erroneously imputes to the perpetrator constructive knowledge of a pending or likely investigation into a crime; merely establishing that the crime committed is an unmistakable crime is insufficient to prove that the accused knew at the time the evidence was altered, destroyed, concealed, or removed that an official proceeding or investigation into that crime was ongoing or likely to be instituted.*

(Nos. 2014-1984 and 2014-2064—Submitted October 13, 2015—Decided December 30, 2015.)

APPEAL from and CERTIFIED by the Court of Appeals for Scioto County, No. 13CA3569, 2014-Ohio-4452.

_____

**SYLLABUS OF THE COURT**

Ohio does not recognize the "unmistakable crime" doctrine in connection with the offense of tampering with evidence because that doctrine erroneously imputes to the perpetrator constructive knowledge of a pending or likely investigation into a crime; merely establishing that the crime committed is an unmistakable crime is insufficient to prove that the accused knew at the time the evidence was altered, destroyed, concealed, or removed that an official proceeding or investigation into that crime was ongoing or likely to be instituted.

_____

**O'DONNELL, J.**

{¶ 1} Chelsey Barry appeals from a judgment of the Fourth District Court of Appeals affirming her conviction for tampering with evidence arising from an incident involving the concealment of 56 grams of heroin within a body cavity. The appellate court certified that its decision conflicted with *State v. Cavalier*, 2d Dist. Montgomery No. 24651, 2012-Ohio-1976, on the following question of law: "Whether a person who hides evidence of a crime that is unmistakable to him or her commits tampering with evidence in the absence of evidence that a victim or the public would report a crime?" 141 Ohio St.3d 1452, 2015-Ohio-239, 23 N.E.3d 1195.

{¶ 2} The answer to this question is no, because an element of tampering with evidence requires the state to prove beyond a reasonable doubt that the accused knew that an official proceeding or investigation is in progress or likely to be instituted at the time the evidence is altered, destroyed, concealed, or removed. Ohio law does not impute constructive knowledge of an impending investigation based solely on the commission of an offense, and therefore, the fact that an act was unmistakably a crime does not, by itself, establish that the accused knew of an investigation into that crime or that such an investigation was likely to be instituted.

Rather, the state must demonstrate that the accused knew of a pending official proceeding or investigation or knew that such a proceeding or investigation was likely to be instituted at the time of the concealment.

{¶ 3} In this case, there is no evidence that at the time she concealed the heroin in her body in Middletown, Ohio, Barry knew or could have known that a state trooper would stop her car in Scioto County and begin an investigation of her for drug trafficking and drug possession. Thus, the trial court erred in instructing the jury that by committing an unmistakable crime, Barry had constructive knowledge of an impending investigation of that crime, and her tampering conviction is not supported by sufficient evidence.

{¶ 4} Accordingly, we reverse the judgment of the appellate court and remand the matter to the trial court for further proceedings consistent with this opinion.

### Facts and Procedural History

{¶ 5} On February 25, 2013, Barry traveled to Middletown, Ohio, with her friend, James Valero, to pick up Jashean Green and Devonte Revez and drive them to Huntington, West Virginia. When they departed on the evening of February 27, Valero handed Barry a condom filled with heroin and told her to conceal it in her vagina, which she did. The men promised her a share of the heroin for helping them.

{¶ 6} After midnight on February 28, State Highway Patrol Trooper Nick Lewis stopped their white Pontiac Grand Prix on U.S. Route 23 in Scioto County south of Lucasville after hearing its defective muffler and observing erratic driving. When he approached the car, Lewis smelled marijuana, and he therefore removed Barry, who was driving, from the car to question her about it, but she denied that anyone had smoked marijuana in the car. Lewis and another trooper searched the car for drugs and found a baggie containing marijuana residue.

**{¶ 7}** After speaking with Barry, Green, Revez, and Valero, Lewis suspected that the men had given drugs to Barry to conceal inside her body, and he warned Barry that he could obtain a warrant for a body cavity search if she did not cooperate. Barry initially denied having any drugs inside her but on further questioning admitted that she had inserted them into her vaginal cavity, and she later produced a condom in the presence of a female police officer containing 56.36 grams of heroin.

**{¶ 8}** The state indicted Barry for trafficking in heroin, possession of heroin, conspiracy to traffic in drugs, and tampering with evidence. At trial, Barry admitted that she "stuffed [the heroin] to conceal it so the police wouldn't see it," that she "knew that that was an unmistakable crime," and that she understood that "it was a crime to possess heroin and to stuff it."

**{¶ 9}** In its charge, the court instructed the jury on the knowledge element of tampering with evidence:

> A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result. A person has knowledge of circumstances when he is aware that circumstances probably exist.
>
> *When an offender commits an unmistakable crime, the offender has constructive knowledge of an impending investigation of the crime committed.*

(Emphasis added.)

**{¶ 10}** The jury returned verdicts finding Barry guilty of drug trafficking, drug possession, conspiracy, and tampering with evidence. The trial court determined that the trafficking, possession, and conspiracy convictions merged as allied offenses of similar import, and it imposed a sentence of six years for the

4

trafficking conviction. It also imposed a consecutive term of three years for tampering with evidence, resulting in an aggregate nine-year term of incarceration.

{¶ 11} The court of appeals affirmed Barry's tampering conviction, concluding that it was supported by sufficient evidence and was not against the manifest weight of the evidence. 2014-Ohio-4452, ¶ 2. By committing the "unmistakable crimes of drug trafficking, drug possession and conspiracy to traffic in drugs" at the time she concealed the heroin in her body cavity, the court reasoned, Barry had "constructive knowledge of an impending investigation." *Id.* at ¶ 12. The appellate court specifically rejected the claim that the "unmistakable crime" instruction misled the jury, because it concluded that the instruction "was a correct statement of the law." *Id.* at ¶ 21.

{¶ 12} The appellate court certified that its decision conflicted with *State v. Cavalier*, 2d Dist. Montgomery No. 24651, 2012-Ohio-1976. There, an officer arrested Cavalier for solicitation, and during a search incident to arrest, she denied having any needles. A search of her person, however, revealed a syringe with cocaine residue. Subsequently, a jury found her guilty of tampering with evidence and possessing a drug abuse instrument. The Second District Court of Appeals reversed the tampering conviction as not supported by sufficient evidence, explaining that at the time Cavalier hid the syringe, she had no reason to believe that an official investigation was likely to be instituted, and her false statements about not having a syringe did not amount to concealment of evidence. *Id*. at ¶ 53, 58. The appellate court in *Cavalier* rejected the state's argument that committing an offense provides constructive notice that an investigation will ensue:

> If the State is correct, then anyone who commits the offense of changing lanes without signaling, continues on home, and then parks in a closed garage, would be guilty of Tampering with Evidence, a third-degree felony, since the offender would be on

constructive notice that an official investigation is likely to result, and by parking the vehicle used in the commission of the offense in a closed garage, the offender has impaired its availability as evidence—an investigating police officer will be less likely to find it.

*Id.* at ¶ 52.

{¶ 13} We determined that a conflict existed and accepted Barry's discretionary appeal. 141 Ohio St.3d 1452, 2015-Ohio-239, 23 N.E.3d 1195; 141 Ohio St.3d 1454, 2015-Ohio-239, 23 N.E.3d 1196.

{¶ 14} During the pendency of this appeal, the Fourth District Court of Appeals in *State v. Crocker*, 2015-Ohio-2528, 38 N.E.3d 369, citing our recent decision in *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, and referencing the Second District's decision in *Cavalier*, reversed a conviction for tampering with evidence and stated that it would "narrow" *Barry* to "restrict the 'unmistakable crime' cases to situations in which the pertinent conduct, e.g., murder, arson, rape, and gross sexual imposition, involves crimes with persons likely to complain or where discovery and investigation is almost certain to occur due to the death of or severe injury to the victim." *Crocker* at ¶ 36. Accordingly, the Fourth District Court of Appeals has followed the Second District on the conflict issue we accepted for review in this case.

### Parties' Claims Before the Court

{¶ 15} Barry argues that a person who hides evidence of a crime that is unmistakable only to that person does not commit tampering with evidence unless the state proves that someone else was likely to report the crime. Further, she notes that the so-called "unmistakable crime doctrine" arose in cases where the crime was unmistakable to a third party who was likely to report it to police. Barry urges that according to *Straley*, a person is guilty of tampering only when that person has

knowledge of a likely investigation directly related to the concealed evidence, and she maintains that the court of appeals imputed constructive knowledge to her based solely on her commission of an unmistakable crime. She argues that because constructive knowledge is a negligence standard and is not the same as actual knowledge, the "unmistakable crime" jury instruction improperly created an irrebuttable presumption that she had knowledge of an investigation regardless of whether she could have anticipated it. For these reasons, Barry contends the jury instruction misled the jurors and her tampering conviction is not supported by sufficient evidence.

{¶ 16} The state maintains that a person who conceals evidence of an unmistakable crime is guilty of tampering with evidence, regardless of whether the crime was likely to be reported by a third party. It asserts that the Fourth, Sixth, Seventh, Tenth, and Eleventh Districts follow the "unmistakable crime doctrine" and hold that committing a crime gives an offender constructive knowledge of an impending investigation sufficient to prove the knowledge element of tampering, and it maintains that constructive knowledge is not equivalent to negligence, because knowledge is proven where there is an awareness that circumstances probably exist. The state attempts to distinguish *Straley* as "limited to its unusual facts," and here, the state asserts, Barry had knowledge of a likely investigation directly related to the hidden drug evidence:

> [T]hough the initial act of concealment started in Middletown, Ohio, [Barry] continued to conceal the contraband drugs well into the investigation, after the traffic stop, after she was placed in the cruiser, after questioning commenced, even after being handcuffed and told by Trooper Lewis that he would obtain a body cavity search warrant if necessary.

**{¶ 17}** Accordingly, this case concerns whether knowledge that an official proceeding or investigation is pending or likely to be instituted can be imputed to one who commits a crime, regardless of whether that crime is likely to be reported to law enforcement.

## Law and Analysis

### *Tampering with Evidence*

**{¶ 18}** R.C. 2921.12(A)(1) defines the offense of tampering with evidence: "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."

### State v. Straley

**{¶ 19}** In *Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 1, we were asked to resolve a certified conflict regarding "[w]hether a tampering conviction requires proof that the defendant impaired evidence in an investigation by tampering with evidence related to the investigation." In that case, two narcotic detectives stopped Straley's car after observing it travel left of center. They smelled alcohol on Straley and suspected her of driving while under the influence of alcohol, but a search of the car and her bag revealed no contraband. The detectives decided not to arrest her, but while they were attempting to find her a ride home, Straley said that she needed to urinate. She ran to the corner of a building and relieved herself, and when she had finished, a detective examined the area and discovered a urine soaked cellophane baggie containing crack cocaine. *Id.* at ¶ 2-4.

**{¶ 20}** Straley subsequently pleaded no contest to drug trafficking and possession of cocaine, a jury convicted her of tampering with evidence, and the trial court imposed an aggregate nine-month sentence. The court of appeals reversed

her conviction for tampering, concluding that Straley had not impaired evidence related to any ongoing or likely investigation. *Id*. at ¶ 7, 14.

{¶ 21} We affirmed the judgment of the appellate court and held that "the evidence tampered with must have some relevance to an ongoing or likely investigation to support a tampering charge," *id.* at ¶ 16, and that the "[l]ikelihood [of an investigation] is measured at the time of the act of alleged tampering," *id*. at ¶ 19. We concluded that Straley's conviction for tampering was not supported by sufficient evidence, because "[t]here is nothing in the record to suggest that the officers were conducting or likely to conduct an investigation into trafficking or possession of cocaine when Straley discarded the baggie." *Id.*

{¶ 22} Applying *Straley* here, then, in order to convict Barry of tampering with evidence, the state's burden was to prove beyond a reasonable doubt that at the time Barry concealed the heroin, she knew that an investigation into her drug trafficking and possession was likely to be instituted.

{¶ 23} We reject the proposition that by committing an "unmistakable crime" by concealing, transporting, or possessing heroin, Barry at that time had constructive knowledge of an impending investigation into at least one of those crimes. "Constructive knowledge" means "[k]nowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person." *Black's Law Dictionary* 1004 (10th Ed.2014). However, R.C. 2901.22(B) defines the mental state of "knowingly" for purposes of criminal culpability:

A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is

established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

**{¶ 24}** Notably, this definition does not encompass knowledge that a reasonably diligent person should, but does not, have. Rather, the statute requires the accused to be *aware* that conduct will probably cause a certain result or will probably be of a certain nature or that circumstances probably exist. And R.C. 2901.22(B) provides that a person can be charged with knowledge of a particular fact only if that person "*subjectively believes* that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." (Emphasis added.)

**{¶ 25}** Thus, the "unmistakable crime" instruction given here erroneously imputes to the offender constructive knowledge of a pending or likely investigation into the crime. Every offender has the right against self-incrimination and to remain silent pending an investigation, and therefore the state cannot use the silence of the accused as evidence to satisfy an element of a crime. This court "require[s] a jury instruction to present a correct, pertinent statement of the law that is appropriate to the facts." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 46. But constructive knowledge is insufficient to prove that Barry knew that an investigation was ongoing or likely to be commenced at the time she concealed the heroin.

**{¶ 26}** Ohio does not recognize the "unmistakable crime" doctrine in connection with the offense of tampering with evidence because that doctrine erroneously imputes to the perpetrator constructive knowledge of a pending or likely investigation into a crime; merely establishing that the crime committed is an unmistakable crime is insufficient to prove that the accused knew at the time the evidence was altered, destroyed, concealed, or removed that an official proceeding

or investigation into that crime was ongoing or likely to be instituted. This court has never adopted or approved the unmistakable crime instruction, and we disavow its use in this instance.

{¶ 27} Here, the state failed to prove that Barry was aware that an investigation into her drug trafficking and possession was likely at the time she concealed evidence of those crimes. When she hid the heroin in her vaginal cavity in Middletown, Ohio, only her coconspirators were present and could have reported her drug offenses, and nothing in the record shows that she thought it likely that she would be stopped by law enforcement. Notably, Trooper Lewis came to suspect Barry of possessing drugs only after he stopped her vehicle south of Lucasville hours later. Nor is there any evidence that Barry displayed willful ignorance by placing the heroin in her vaginal cavity with a subjective belief that an investigation was likely. Rather, she concealed the drugs with a purpose to avoid detection by law enforcement and without knowledge of an impending or likely investigation. Thus, her conviction for tampering with evidence is not supported by sufficient evidence.

**Conclusion**

{¶ 28} Accordingly, the state failed to prove that Barry knew an official proceeding or investigation was likely to be instituted at the time she concealed heroin, and proof that she knew she committed a crime by doing so is not tantamount to knowledge that an investigation into her activities was likely to be instituted. Thus, the evidence does not support Barry's conviction for tampering with evidence, and it must be vacated.

{¶ 29} The judgment of the court of appeals is therefore reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis and Shane Tieman, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

_____