[Cite as *State v. Walker*, 2025-Ohio-2649.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| OSHEA WALKER | : | Case No. 2024CA00150 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2024CR0461

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 17, 2025

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
PROSECUTING ATTORNEY
STARK COUNTY, OHIO

  By: Lisa A Nemes
     110 Central Plaza South
     Suite 510
     Canton, OH 44702-1413

For Defendant-Appellant

GEORGE URBAN
116 Cleveland Avenue NW
Suite 808
Canton, OH 44702

*King, J.*

{¶ 1}   Defendant-Appellant Oshea Walker appeals the August 22, 2024 judgment of conviction and sentence of the Stark County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This matter involves two incidents. The first took place on February 14, 2024 when Perry Township police officers Daniel Dale and Timothy Koncz were dispatched to a residence in response to a report of a stolen car. The officers spoke with two women and a man present at the scene. The man had obvious injuries. Officer Dale collected evidence which included a black jacket left behind by the suspect, Oshea Walker. Officer Dale transported the evidence to the police department while Officer Koncz remained on scene to collect witness statements.

{¶ 3}   Shortly after Dale returned to the police department, Koncz informed Dale that Walker had returned to the scene. Koncz directed Walker to put the car in park and held him at gunpoint until Dale returned to the scene. Walker was then arrested and taken to the police department for processing. During processing, Walker advised officers that he had left his black jacket and cell phone behind at the scene, and that the jacket contained cash. When processing the jacket Officer Dale found it contained a baggie which contained 16.3 grams of cocaine, a cell phone, and $493 in cash.

{¶ 4}   The second incident took place on February 18, 2024 at approximately 4:30 p.m. when several Massillon police officers arrived at Walker's apartment to serve him with an arrest warrant. Officers discovered Walker was not home and waited for his return. When he did return, Walker drove by several police cruisers and officers. Officers ordered

Walker to roll down his window and stop the car. Instead of complying, Walker accelerated rapidly through the parking lot, onto a sidewalk directly in front of apartment entrances, between two officers and between parked vehicles, ran over a street sign, and accelerated out onto the roadway. Officer Jacob Dexter got into his patrol car, activated lights and sirens, and pursued Walker. Walker exceeded the speed limit and failed to stop at stop signs as he fled. A little over a minute later, Walker stopped the car, exited, and fled on foot. Officer Dexter gave chase and observed Walker run into the backyard of a residence but then calmly reemerge with his hands up a few seconds later. Walker was taken into custody without further incident.

{¶ 5}   Suspicious of Walker's change of demeanor from headlong flight to calm cooperation, officers obtained permission from the elderly homeowner to enter the backyard of the residence. Officers followed Walker's footprints in the snow to a Bud Light cooler. The snow on top of the cooler had been disturbed. Inside the cooler, officers located a baggie containing 27.67 grams of cocaine. After Walker was arrested and transported to jail, he placed a phone call which was recorded. During his conversation he expressed surprise that police had located the cocaine.

{¶ 6}   On March 26, 2024, the Stark County Grand Jury returned an indictment charging Walker as follows:

{¶ 7}   Count one, pertaining to the February 14, 2024 incident, possession of cocaine in violation of R.C. 2925.11(A), a felony of the third degree;

{¶ 8}   Count two, pertaining to the February 18, 2024 incident, possession of cocaine, in violation of R.C. 2925.11(A), a felony of the first degree;

{¶ 9}  Count three, failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) with a specification that Walker caused a substantial risk of serious physical harm to persons or property, a felony of the third degree;

{¶ 10} Count four, tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree.

{¶ 11} Walker pled not guilty to the charges and opted to proceed to a jury trial which began on August 12, 2024. The State presented the above outlined facts. Walker rested without presenting evidence. After hearing the evidence and deliberating, the jury found Walker guilty of the February 18, 2024 incidents contained in counts two, three, and four. It could not reach a verdict on count one, and the trial court declared a mistrial on that count. The State then dismissed count one. Walker was subsequently sentenced to an aggregate indefinite term of incarceration of eight to nine years for the remaining three counts..

{¶ 12} Walker filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 13} "THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT WITH RESPECT TO THE INDICTED CHARGES, AND SUCH CONVICTION MUST BE REVERSED."

II

{¶ 14} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO

PRODUCE SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT."

III

{¶ 15} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT WHEN THE COURT FAILED TO CONSIDER THE STATUTORY REQUIREMENTS IN SECTION 2921.331 OF THE OHIO REVISED CODE."

I, II

{¶ 16} Because Walker's first and second assignments of error both challenge the sufficiency of the evidence presented at trial, we address them together. In these assignments of error, Walker argues his convictions are not supported by sufficient evidence and the trial court erred by overruling his Crim. R. 29 motion for acquittal at trial. We disagree.

Applicable Law

{¶ 17} A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Blue*, 2002-Ohio-351 (5th Dist.), citing *State v. Williams*, 1996-Ohio-91. Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the State's evidence is insufficient to sustain a conviction. A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the State, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable doubt. *State v. Franklin*, 2007-Ohio-4649 at ¶12 (5th Dist.), citing *State v. Dennis*, 1997-Ohio-372.

{¶ 18} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v.*

*Jenks*, 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).

## Possession of Cocaine

{¶ 19} Walker first argues the State presented insufficient evidence to support his conviction for possession of cocaine. Walker specifically argues there was no evidence to support the jury's finding that he possessed the cocaine found by officers in the Bud Light cooler. We disagree.

## Possession

{¶ 20} " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶ 21} Possession may be actual or constructive. *State v. Butler,* 42 Ohio St.3d 174, 176 (1989). To establish constructive possession of illegal drugs, the State's evidence must demonstrate the defendant was able to exercise dominion and control over the contraband. *State v. Kuhn*, 2023-Ohio-2740, ¶ 18 (5th Dist.). Dominion and control may be proven by circumstantial evidence alone. *Id*., citing *State v. Trembly*, 137 Ohio App.3d 134, 141 (8th Dist. 2000). Circumstantial evidence that a defendant was located in very close proximity to readily usable drugs may show constructive possession. *Kuhn*, citing *State v. Barr*, 86 Ohio App.3d 227, 247-248 (8th Dist. 1993). Circumstantial evidence is that which can be "inferred from reasonably and justifiability connected facts."

*State v. Fairbanks*, 32 Ohio St.2d 34 (1972). Circumstantial evidence is to be given the same weight and deference as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259 (1991).

{¶ 22} The State produced evidence at trial showing Walker fled as soon as he saw police at his apartment, led officers on a short chase, fled his vehicle and ran into the backyard of a residence. He then calmly emerged from the backyard of the home and surrendered. Transcript of trial (T.) 174-183. Suspicious as to why Walker's demeanor had changed so drastically, officers searched the backyard of the residence and located the cocaine in the Bud Light cooler. Contrary to Walker's argument, testimony indicated there was only one set of footprints in the snow in the yard and those footprints led to the cooler. T. 224-225. What is more, after being booked into the jail, Walker placed a phone call wherein he expressed surprise that officers located the cocaine. T. 258-259, State's exhibit 17. The jury listened to that phone call. This evidence, while circumstantial, was sufficient to prove constructive possession of cocaine beyond a reasonable doubt.

Failure to Comply with the Order or Signal of a Police Officer

{¶ 23} Walker next challenges his conviction for failure to comply with the order or signal of a police officer. He does not challenge that he fled from police after receiving a visible or audible signal from the officer to bring his motor vehicle to a stop. Instead, Walker argues the State failed to produce sufficient evidence to prove that he caused a substantial risk of serious physical harm to persons or property. We disagree.

{¶ 24} R.C. 2921.331 provides in relevant part:

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

. . .

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

. . .

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶ 25} A substantial risk is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). Serious physical harm includes physical harm that would require hospitalization, carries a substantial risk of death, involves permanent or substantial incapacitation, permanent or temporary disfigurement, or acute pain resulting in substantial suffering or prolonged intractable pain. R.C. 2901.01(A)(5).

{¶ 26} The State's evidence demonstrated Walker's flight from police began in a small parking lot at an apartment complex where children typically play outside. T. 173, 208. He drove between officers who were on foot, through yards, and narrowly missed hitting parked vehicles. T. 209, 227. He drove on the sidewalk in between the front apartment entrances and vehicles parked in front of those apartments. T. 175. Walker ran over a street sign, exceeded the speed limit, and failed to stop at two stop signs. T. 184.

Walker's flight took place in a residential area at 4:30 in the afternoon. *Id*. The jury watched dashcam video and bodycam video of the incident. State's exhibit 7.1 - 7.5.

{¶ 27} Walker argues the State failed to produce sufficient evidence of a substantial risk of serious physical harm because there were no pedestrians outside when he fled, and the pursuit lasted just over a minute. But Walker put the officers involved at risk and his one minute and nine second flight involved running down a street sign and disregarding two stop signs. We therefore find Walker's driving caused a substantial risk of serious physical harm to himself, the officers, other vehicles, potential pedestrians, the real property abutting the sidewalks he traveled on, and that the record supports the jury's finding.

Tampering with Evidence

{¶ 28} Walker next argues his conviction for tampering with evidence is not supported by the record because the state failed to prove he knew there was an official proceeding or investigation in progress or likely to be instituted. We disagree.

{¶ 29} Walker was charged with tampering with evidence pursuant to R.C. 2921.12(A)(1) which states:

> (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation . . .

{¶ 30} Walker argues the State failed to prove an official investigation or proceeding was taking place. He argues that while the Massillon officers may have been serving a warrant for the Perry Township incident, he had no knowledge that cocaine was found in his jacket and therefore had no knowledge that an official investigation or proceeding was taking place. But the tampering with evidence charge was related to Walker's flight from police when asked to stop his car and roll down the window. By fleeing, Walker created another official investigation or proceeding.

{¶ 31} While Walker cites to *State v. Straley*, 2014-Ohio-2139 to support his argument, this case is more akin to *State v. Campbell*, 2019-Ohio-583 (9th Dist.), appeal not allowed, 2019-Ohio-2261. In that matter officers stopped a vehicle for erratic driving. Campbell, a passenger in the vehicle, threw drugs out the passenger side window just before the traffic stop. He was later convicted of tampering with evidence. On appeal, Campbell argued his conviction for tampering with evidence was not supported by sufficient evidence because the State failed to prove that an investigation into his drug activity was already underway when the act of tampering occurred. The Ninth District disagreed and noted that the defendant's knowledge of a likely investigation is the relevant factor, not the officer's basis for initiating the traffic stop. "[A] conviction for tampering with evidence pursuant to R.C. 2921.12(A)(1) requires proof that the defendant intended to impair the value or availability of evidence that related to an existing *or likely official investigation or proceeding*." (Emphasis original.) *Id*. citing *Straley*, at ¶ 19. The court additionally noted that the likelihood of an investigation is " '. . .is measured at the time of the act of alleged tampering not at the time an officer initiates the stop, as

Campbell contends." *Id*. "Therefore, the State had the burden to prove beyond a reasonable doubt that at the time Campbell concealed the cocaine, he knew that an investigation into his drug possession was likely to be instituted." *Id*., citing *State v. Barry*, 2015-Ohio-5449, ¶ 22.

{¶ 32} Likewise, in this matter it was sufficient for the State to demonstrate that Walker knew an investigation related to his possession of cocaine on February 18, 2025 was likely to be instituted when he hid his cocaine inside a Bud Light cooler after leading police on a chase.

{¶ 33} Walker's convictions are supported by sufficient evidence. Accordingly, the first two assignments of error are overruled.

III

{¶ 34} In his final assignment of error, Walker argues the trial court erred by failing to make the requisite findings under R.C. 2921.331(C)(5)(b) when sentencing him for failure to comply. We disagree.

{¶ 35} Pursuant to R.C. 2921.331(C)(5)(a)(ii), when sentencing an offender for failure to comply and when the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. The trial Court is required to consider the following factors when determining what sentence to impose for the offense:

> (i) The duration of the pursuit;
>
> (ii) The distance of the pursuit;

(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii) Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

{¶ 36} Here, the jury found Walker's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(C)(5)(a)(ii). Walker argues, however, that the trial court erred in failing to explicitly cite its consideration of above listed factors during sentencing. This court and others have found there is no requirement for the trial court to make specific findings particularly when there is no evidence that the trial court failed to do so. *State v. Fiske*, 2024-Ohio-5467 ¶ 24 (5th Dist) citing *State v. Nicolson*, 2016-Ohio-50, ¶ 20 (5th Dist.);

*State v. Yarbrough*, 2015-Ohio-1672, ¶ 16 (2d Dist.); *State v. Owen*, 2008-Ohio-3555 (8th Dist.); *State v. Reed*, 2008-Ohio-6082 (10th Dist.).

{¶ 37} The trial court heard the testimony of the officers, heard that Walker fled an apartment parking lot at a high rate of speed in an area where children typically play, drove between officers present on the scene, narrowly missed hitting parked vehicles, drove on a sidewalk outside of apartment entrances, sheered off a parking sign as he ran over it, exceeded the speed limit, and ignored traffic control devices before stopping the car and fleeing on foot. T. 173, 175-176, 181, 183, 209, 227. Then, during sentencing, the trial court mentioned its concern regarding Walker's failure to comply, noting that while it was not a high-speed chase nor of extraordinary distance, Walker nonetheless put multiple officers in danger and was fortunate that no children were outside playing at the time. Transcript of sentencing at 11. We therefore find there is no evidence in the record to support a claim that the trial court failed to consider the factors contained in R.C. 2921.331(B)(C)(5)(b)(i-ix) when imposing sentence.

{¶ 38} The final assignment of error is overruled.

{¶ 39} The judgment of the Stark County Court of Common Pleas is affirmed.

By: King, P.J.

Hoffman, J. and

Popham, J. concur.